Manly, J.
 

 The question made in the case is,, as to. the power of the comity court to amend its records of a previous-term-.
 

 Upon an appeal to the Superior Court from the Court below, the former, without revising the discretion of the County Court, held that that Oo-nrt did not have the po-wer, and consequently, reversed its judgment, and from this decision of the Superior Court, there was an appeal to- this Court, There is error in the-decision of the Superior. Court.
 

 No facts are stated in the ease, that would deprive the County Court of the discretionary power, inherent in all courts, to revise its records, and make them conform to the truth. In tiie ease of
 
 Phillipse
 
 v.
 
 Higdon,
 
 Bush. Rep. 380, the power of amendment, residing in the courts of North Carolina, is fully and distinctly stated, and the case now before us-falls clearly within the limits of the power there defined-.
 

 It is a mistake to- suppose that interests have vested under-the record as it stands,, that prevent an amendment. The persons, whose interests are affected, are parties to the record. They are hound to know the troth o-f the transactions as to which the record speaks — to act upon the truth, as it happened, arid upon the expectation that the record will be made to speak truly. No party has a right to. complain,, and no o.ther person has 'an interest that will he prejudiced.
 

 So much for the- po-wer in the County Court. Whether they have exercised the power with discretion, it is not our province to say, nor have we the means of knowing.
 

 Instead, therefore, of dismissing the application for the want of power, the Superior Court ought to have entertained jurisdiction of it, and considered it as a matter addressed to its sound legal discretion. The exercise of discretionary pow
 
 *258
 
 ers in the county courts, is subject to be revised in the superior. In this Court, we have no such revising power, and have taken cognizance of this case, only in consequence of the error in law, of the Court, in holding it had
 
 no poroer*
 
 This opinion should be certified to the Superior Court, that it may proceed to adjudge the matter before it by the appeal, according to its discretion, and the course of the Court.
 

 Per Curiam,
 

 Judgment reversed.